UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.H. and T.N, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06 CV 624 DDN |
| ) | |
| NL INDUSTRIES, INC., and ) | |
| PEGGY SUTTON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the court is the motion of plaintiffs M.H. and T.N., by and through their guardian and next friend, Tequila Sutton, to remand (Doc. 16). A hearing was held June 21, 2006.

**Background**

Plaintiffs commenced this action in the Circuit Court of the City of St. Louis, alleging that they were poisoned by lead produced by defendant NL Industries, Inc., formerly known as National Lead Company, at a dwelling owned by co-defendant Peggy Sutton.

Defendant NL Industries removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. NL Industries alleged that defendant Peggy Sutton had not been served at the time of removal, and, therefore, plaintiffs have abandoned their claims against her due to lack of due diligence. Defendant alleges that the remaining parties are diverse in citizenship because plaintiffs are both citizens of Missouri and NL Industries is a citizen of both New Jersey, its state of incorporation, and Texas, the state of its principal place of business.

Plaintiffs moved for remand, arguing that they have served summons on Peggy Summons and have not voluntarily abandoned their claims against her. Because Peggy Sutton is a citizen of Missouri, plaintiffs argue, the parties are not diverse and the action should be remanded.

## Discussion

The propriety of removal to federal district court depends on whether the action falls within the scope of the district court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). Removal statutes are strictly construed; any doubt about the propriety of removal is resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

28 U.S.C. § 1332 provides that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States; . . . .

28 U.S.C. § 1332(a). "[D]iversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004).

Here, plaintiffs are citizens of Missouri, and defendant Peggy Sutton is a citizen of Missouri. Therefore, the parties' citizenship is not diverse. Even if voluntary abandonment was a relevant argument, there is insufficient factual basis in the record to support defendant's contention that plaintiffs have voluntarily abandoned their claims against Peggy Sutton. Peggy Sutton has now been served, and the factual allegations in the complaint are such that there are facially non-frivolous claims against her.

Defendant argues that the current status of Peggy Sutton in the action is irrelevant because the court's diversity subject matter jurisdicion depends on the status of the parties at the time of removal and not thereafter. Therefore, defendant argues, because plaintiffs' claim against Peggy Sutton had been abandoned at the time of removal, the rejuvenated nature of the claim at this time does not detract from the court's subject matter jurisdiction. The court disagrees.

Under 28 U.S.C. § 1447(c), in a removed case such as this, the court must remand the case to state court if there is no diversity of

citizenship. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). The plaintiffs' claim against Sutton has not been dismissed, she has been served, and the record does not indicate that Peggy Sutton was fraudulently joined in an effort to defeat federal court jurisdiction. See Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 809 (8th Cir. 2003).

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiffs to remand this action to the Circuit Court of the City of St. Louis (Doc. 16) is sustained.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 23, 2006.